FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN STEVEN OLAUSEN, | No. 07-16555 |
| Petitioner - Appellant, | D.C. No. CV-06-00400-HDM |
| v. | |
| HOWARD SKOLNIK; THE ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

California state prisoner Jeffrey Olausen appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Olausen challenges a prison disciplinary conviction for abuse of the prison grievance process. He contends that the conviction violates his due process rights because: (1) the hearing was held at Nevada State Prison, but pertained to conduct that occurred while he was at a different state prison; (2) he was denied access to his requested witnesses during the proceedings; and (3) no evidence exists to support his conviction. The state court decision is neither contrary to or an unreasonable application of federal law, nor an unreasonable determination of the facts. *See* 28 U.S.C. §2254(d); *see also Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974) (discussing extent of prisoner due process right to call witnesses in prison disciplinary decisions). Moreover, the record reflects there was "some evidence" supporting the disciplinary decision. *Superintendent v. Hill*, 72 U.S. 445, 455 (1985).

---

[1] We certify for appeal, on our own motion, the issues of (1) whether Olausen's due process rights were violated when the disciplinary hearing was held at Nevada State Prison for alleged offenses that occurred at Ely State Prison; (2) whether Olausen's due process rights were violated when he was denied a request to have witnesses testify at the hearing; and (3) whether some evidence supported the hearing officer's findings. The state has fully briefed the issues that we certify for appeal.

07-16555

Respondent's motion to strike certain exhibits filed with Olausen's opening brief is denied as moot.

**AFFIRMED.**